**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MICHELLE BOURDELAIS,**

        **Plaintiff,**

**v.**                                **Civil Action No.: 11-cv-582-HEH**

**EQUIFAX INFORMATION SERVICES,**
**LLC,** *et al.*,

        **Defendants.**

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

1.       In response to paragraph 1 of the Complaint, Experian admits that Michelle Bourdelais ("Plaintiff") purports to bring this lawsuit under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* Except as specifically admitted, Experian denies the remaining allegations in paragraph 1 of the Complaint.

**JURISDICTION**

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and that venue is proper.   Experian states that these are legal conclusions, which are not subject to denial or admission.

**PARTIES**

3.      In response to paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person.  The remaining allegations contained in paragraph 3 are legal conclusions, which are not subject to denial or admission.

4-6      Paragraphs 4-6 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 4-6 of the Complaint and therefore denies the same.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

8.      In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681(f).  Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that is defined in 15 U.S.C. § 1681(d)) to third parties. Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9.      Experian admits the allegations contained in paragraph 9 of the Complaint.

10-12.      Paragraphs 10-12 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 10-12 of the Complaint and therefore denies the same.

## FACTS

13-14.　　Experian lacks sufficient information to form a belief about the truth or falsity of the allegations contained in paragraphs 13-14 of the Complaint and therefore denies the same.

15.　　Paragraph 15 of the Complaint, at least in part, pertains to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint as it relates to the other defendants and therefore denies the same. Regarding the allegations pertaining to Experian, Experian admits that Plaintiff sent a dispute letter regarding a Chase Mortgage Account on or about June 1, 2010, and that Plaintiff claimed that her mortgage payments were not properly being credited by Chase.

16.　　Paragraph 16 of the Complaint pertains to another defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.　　Experian admits the allegations contained in Paragraph 17 of the Complaint.

18.　　Paragraph 18 of the Complaint pertains to another defendant. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19-22.　　Experian denies the allegations contained in Paragraphs 19-22 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EQUIFAX, EXPERIAN and TRANS UNION)

23.　　Experian incorporates its responses to the allegations contained in paragraphs 1-22 as if fully set forth herein.

24.　　Experian denies the allegations contained in paragraph 24 of the Complaint

25.       Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 25 of the Complaint.

26.       Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 26 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 26 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 26 of the Complaint. Experian further denies the remaining allegations in paragraph 26 of the Complaint.

27.       Experian denies that it is liable to plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 27 of the Complaint.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(1)
## (EQUIFAX, EXPERIAN and TRANS UNION)

28.       Experian incorporates its responses to the allegations contained in paragraphs 1-27 as if fully set forth herein.

29.       Experian denies the allegations contained in paragraph 29 of the Complaint

30.       Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 30 of the Complaint.

31.       Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 31 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 31 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 31 of the Complaint. Experian further denies the remaining allegations in paragraph 31 of the Complaint.

32.       Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 32 of the Complaint.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EQUIFAX, EXPERIAN and TRANS UNION)[1]

33.     Experian incorporates its responses to the allegations contained in paragraphs 1-32 as if fully set forth herein.

34.     Experian denies the allegations contained in paragraph 34 of the Complaint.

35.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 35 of the Complaint.

36.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 36 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 36 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 36 of the Complaint. Experian further denies the remaining allegations in paragraph 36 of the Complaint.

37.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 37 of the Complaint.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (EQUIFAX, EXPERIAN and TRANS UNION)

38.     Experian incorporates its responses to the allegations contained in paragraphs 1-37 as if fully set forth herein.

39.     Experian denies the allegations contained in paragraph 39 of the Complaint.

40.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 40 of the Complaint.

---

[1] The Complaint does not contain a Count Three.

41.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 41 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 41 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 41 of the Complaint. Experian further denies the remaining allegations in paragraph 41 of the Complaint.

42.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 42 of the Complaint.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN and TRANS UNION)

43.     Experian incorporates its responses to the allegations contained in paragraphs 1-42 as if fully set forth herein.

44.     Experian denies the allegations contained in paragraph 44 of the Complaint.

45.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 45 of the Complaint.

46.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 46 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 46 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 46 of the Complaint. Experian further denies the remaining allegations in paragraph 46 of the Complaint.

47.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 47 of the Complaint.

48.     In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

49.     Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## FIFTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681(p) or by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is entitled to indemnification to the extent 1that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)      That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)      That Experian be dismissed as a party to this action

(3)      For costs of suit and attorneys' fees herein incurred; and

(4)      For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By: /s/Joseph William Clark
      Joseph William Clark
      Virginia State Bar No. 42664
      *Attorney for Defendant, Experian Information*
          *Solutions, Inc.*
      JONES DAY (DC)
      51 Louisiana Ave NW
      Washington, DC  20001
      Telephone: 202-879-3939
      Facsimile: 202-626-1700
      Email: jwclark@jonesday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October, 2011, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF System which will then send a notification of

such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Attorney for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com
*Attorney for Plaintiff*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA  23230
Telephone: (804) 355-8744
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

Grant Edward Kronenberg
Morris & Morris PC
11 South 12th Street. 5th Floor
PO Box 30
Richmond, VA  23218
Telephone: 804-344-6334
Facsimile: 804-344-8359
Email: gkronenberg@morrismorris.com
*Counsel for Trans Union, LLC*

/s/Joseph William Clark
Joseph William Clark
Virginia State Bar No. 42664
*Attorney for Defendant, Experian Information*
    *Solutions, Inc.*
JONES DAY (DC)
51 Louisiana Ave NW
Washington, DC  20001
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: jwclark@jonesday.com

2099991v1